1  KILPATRICK TOWNSEND & STOCKTON LLP
   GREGORY S. GILCHRIST (Bar # 111536)
2  GIA L. CINCONE (Bar # 141668)
   Two Embarcadero Center, 8th Floor
3  San Francisco, California 94111
   Telephone: (415) 576-0200
4  Facsimile: (415) 576-0300
   Email: ggilchrist@kilpatricktownsend.com, gcincone@kilpatricktownsend.com
5
   Attorneys for Plaintiff
6  LEVI STRAUSS & CO.

7                          **E-filing**

8              UNITED STATES DISTRICT COURT

9          FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  LEVI STRAUSS & CO.,                    **CV11        1177**

12              Plaintiff,                 **COMPLAINT FOR TRADEMARK
                                           INFRINGEMENT, UNFAIR**
13          v.                             **COMPETITION AND DILUTION,
                                           AND BREACH OF SETTLEMENT**
14  QUIKSILVER, INC.,                      **AGREEMENT (INJUNCTIVE
                                           RELIEF SOUGHT)**
15              Defendant.
                                           **JURY TRIAL DEMAND**
16

17

18      Plaintiff Levi Strauss & Co. ("Plaintiff" or "Levi Strauss") complains against Defendant

19  Quiksilver, Inc. ("Defendant" or "Quiksilver") as follows:

20              **JURISDICTION, VENUE AND INTRA-DISTRICT ASSIGNMENT**

21      1.      Plaintiff's first, second and third claims arise under the Trademark Act of 1946 (the

22  Lanham Act), as amended by the Federal Trademark Dilution Act of 1995 (15 U.S.C. §§ 1051, et

23  seq.). This Court has jurisdiction over such claims pursuant to 28 U.S.C. §§ 1338(a) and 1338(b)

24  (trademark and unfair competition), 28 U.S.C. § 1331 (federal question) and 15 U.S.C. § 1121

25  (Lanham Act). This Court has supplemental jurisdiction over the remaining state law claims under 28

26  U.S.C. § 1367.

27      2.      Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendant transacts

28  affairs in this district and because a substantial part of the events giving rise to the claims asserted

1  arose in this district.

2      3.      Intra-district assignment to any division of the Northern District is proper under Local

3  Rule 3-2(c) and the Assignment Plan of this Court as an "Intellectual Property Action."

4                                              **PARTIES**

5      4.      Levi Strauss & Co. is a Delaware corporation with its principal place of business at

6  Levi's Plaza, 1155 Battery Street, San Francisco, California 94111. Operating since approximately

7  the 1850's, Levi Strauss is one of the oldest and most well known apparel companies in the world. It

8  manufactures, markets and sells a variety of apparel, including its traditional LEVI'S® denim blue

9  jean products.

10      5.      Levi Strauss is informed and believes that defendant Quiksilver, Inc. is a Delaware

11  corporation with its principal place of business at 15202 Graham Street, Huntington Beach, California

12  92649. Levi Strauss is informed and believes that Quiksilver manufactures, distributes and sells or

13  has manufactured, distributed, licensed and sold a line of clothing, including jeans, under the brand

14  name QUIKSILVER which is offered for sale and sold in this judicial district. Levi Strauss is further

15  informed and believes that Quiksilver has authorized, directed, licensed and/or actively participated in

16  the wrongful conduct alleged herein.

17                  **FACTS AND ALLEGATIONS COMMON TO ALL CLAIMS**

18  **Levi Strauss's Tab Trademark**

19      6.      Levi Strauss marks its LEVI'S® brand products with a set of trademarks that are

20  famous around the world. For many years prior to the events giving rise to this Complaint and

21  continuing to the present, Levi Strauss annually has spent great amounts of time, money, and effort

22  advertising and promoting the products on which its trademarks are used and has sold many millions

23  of these products all over the world, including throughout the United States and in California.

24  Through this investment and large sales, Levi Strauss has created considerable goodwill and a

25  reputation for quality products.

26      7.      Among its marks, Levi Strauss owns the famous Tab Device Trademark (the "Tab

27  trademark"), which consists of a textile marker or other material sewn into one of the regular

28  structural seams of the garment. Levi Strauss first used the Tab trademark in 1936 to identify genuine

1  LEVI'S® products.  Levi Strauss uses the Tab trademark on jeans and a variety of other clothing

2  products, including shirts, jackets, pants and shorts.

3      8.     Levi Strauss began to display the Tab trademark on the rear pocket of its pants in 1936

4  when its then National Sales Manager, Leo Christopher Lucier, proposed placing a folded cloth ribbon

5  in the structural seams of the rear pocket.  The purpose of this "tab" was to provide "sight

6  identification" of Levi Strauss's products.  Given the distinctiveness of the Tab trademark, Mr. Lucier

7  asserted that "no other maker of overalls can have any other purpose in putting a colored tab on an

8  outside patch pocket, unless for the express and sole purpose of copying our mark, and confusing the

9  customer."

10      9.     Levi Strauss owns, among others, the following United States Registrations for its Tab

11  trademark, attached as Exhibit A.  These registrations have become incontestable under the provisions

12  of 15 U.S.C. § 1065.

13           a.    Registration No. 356,701 (first used as early as September 1, 1936; registered

14  May 10, 1938);

15           b.    Registration No. 516,561 (first used as early as September 1, 1936; registered

16  October 18, 1949);

17           c.    Registration No. 577,490 (first used as early as September 1, 1936; registered

18  July 21, 1953);

19           d.    Registration No. 774,625 (first used as early as May 22, 1963; registered

20  August 4, 1964);

21           e.    Registration No. 775,412 (first used as early as October 9, 1957; registered

22  August 18, 1964); and

23           f.    Registration No. 1,157,769 (first used as early as September 1, 1936; registered

24  June 16, 1981).

25      10.    The Tab trademark is valid and protectable, and exclusively owned by Levi Strauss.

26  The Tab trademark is famous and recognized around the world and throughout the United States by

27  consumers as signifying authentic, high quality LEVI'S® jeans.

28      11.    Images showing some of Levi Strauss's uses of the Tab trademark are attached to this

1  Complaint as Exhibit B.

2  **Quiksilver's Infringements of the Tab Trademark and Breach of Settlement Agreement**

3      12.    Quiksilver has infringed Levi Strauss's Tab trademark before. In 2000, the parties had

4  a dispute over Quiksilver's use of an infringing pocket tab on shirts. That dispute was resolved by

5  means of a settlement agreement, pursuant to which Quiksilver agreed that it would not, in the future,

6  "manufacture, license, sell, offer for sale, distribute, import, export, advertise, promote, or display any

7  item of clothing . . . that displays . . . any tab which is substantially similar to LS&CO.'s Tab

8  Trademark." That agreement (hereinafter the "2000 Settlement Agreement") is attached hereto as

9  Exhibit C and incorporated by reference.

10      13.    In 2005, Levi Strauss once again protested Quiksilver's use of a variety of pocket tabs

11  that violated Levi Strauss's trademark rights as well as the 2000 Settlement Agreement. Among the

12  Quiksilver tabs to which Levi Strauss objected was a red tab which appeared on the right-hand seam

13  of the right rear pocket of Quiksilver jeans. Quiksilver subsequently filed a declaratory relief action

14  against Levi Strauss, and Levi Strauss counterclaimed for infringement of its Tab trademark.

15      14.    Levi Strauss and Quiksilver resolved this dispute in 2006 by means of a second

16  settlement agreement. As part of the 2006 agreement, Quiksilver indicated that it intended to

17  discontinue its use of the red tab starting with its Holiday 2006 season. Based on that representation,

18  Levi Strauss agreed to withdraw its claims relating to the red tab.

19      15.    On information and belief, Quiksilver subsequently recommenced use of the red tab

20  that was at issue in 2006 and continues to license, manufacture, source, market and sell jeans

21  displaying pocket tabs that infringe and dilute the Tab trademark, including the red tab. The current

22  infringing Quiksilver pocket tabs (hereinafter the "Quiksilver tabs"), including those shown in Exhibit

23  D, are substantially and confusingly similar to Levi Strauss's Tab trademark and erode the

24  distinctiveness of Levi Strauss's mark.

25      16.    Levi Strauss is informed and believes that Quiksilver has manufactured, marketed and

26  sold substantial quantities of garments bearing the Quiksilver tabs, and has obtained and continues to

27  obtain substantial profits from these sales.

28      17.    Quiksilver's actions have caused and will cause Levi Strauss irreparable harm for

1    which money damages and other remedies are inadequate. Unless Quiksilver is restrained by this

2    Court, it will continue and/or expand its illegal activities and otherwise continue to cause great and

3    irreparable damage and injury to Levi Strauss by, among other things:

4            a.    Depriving Levi Strauss of its statutory rights to use and control use of its

5               trademark;

6            b.    Creating a likelihood of confusion, mistake and deception among consumers

7               and the trade as to the source of the infringing products;

8            c.    Causing the public falsely to associate Levi Strauss with Quiksilver and/or its

9               products, or vice versa;

10           d.    Causing incalculable and irreparable damage to Levi Strauss's goodwill and

11              diluting the capacity of its trademark to differentiate LEVI'S® products from

12              others; and

13           e.    Causing Levi Strauss to lose sales of its genuine clothing products.

14       18.    Accordingly, in addition to other relief sought, Levi Strauss is entitled to preliminary

15    and permanent injunctive relief against Quiksilver, its affiliates, licensees, subsidiaries and all persons

16    acting in concert with it.

17                              **FIRST CLAIM**

18             **FEDERAL TRADEMARK INFRINGEMENT**
                 **(15 U.S.C. §§ 1114-1117; Lanham Act § 32)**

19       19.    Levi Strauss realleges and incorporates by reference each of the allegations contained

20    in paragraphs 1 through 18 of this Complaint.

21       20.    Without Levi Strauss's consent, Quiksilver has used, in connection with the sale,

22    offering for sale, distribution or advertising of its products, designs that infringe upon Levi Strauss's

23    registered Tab trademark.

24       21.    These acts of trademark infringement have been committed with the intent to cause

25    confusion, mistake, or deception, and are in violation of 15 U.S.C. § 1114.

26       22.    As a direct and proximate result of Quiksilver's infringing activities, Levi Strauss has

27    suffered substantial damage and irreparable harm.

28       23.    Quiksilver's infringement of Levi Strauss's trademark is an exceptional case and was

1  intentional, entitling Levi Strauss to treble its actual damages and to an award of attorneys' fees under

2  15 U.S.C. §§ 1117(a) and 1117(b).

3
### SECOND CLAIM
4
#### FEDERAL UNFAIR COMPETITION
##### (False Designation of Origin and False Description)
##### (15 U.S.C. § 1125(a); Lanham Act § 43(a))
5

6  24.    Levi Strauss realleges and incorporates by reference each of the allegations contained

7  in paragraphs 1 through 23 of this Complaint.

8  25.    Quiksilver's conduct constitutes the use of symbols or devices tending falsely to

9  describe the infringing products, within the meaning of 15 U.S.C. § 1125(a)(1).  Quiksilver's conduct

10  is likely to cause confusion, mistake, or deception by or in the public as to the affiliation, connection,

11  association, origin, sponsorship or approval of the infringing products to the detriment of Levi Strauss

12  and in violation of 15 U.S.C. § 1125(a)(1).

13  26.    As a direct and proximate result of Quiksilver's infringing activities, Levi Strauss has

14  suffered substantial damage and irreparable harm.

15
### THIRD CLAIM
#### FEDERAL DILUTION OF FAMOUS MARK
16
##### (15 U.S.C. § 1125(c); Lanham Act § 43(c))

17

18  27.    Levi Strauss realleges and incorporates by reference each of the allegations contained

19  in paragraphs 1 through 26 of this Complaint.

20  28.    Levi Strauss's Tab trademark is distinctive and famous within the meaning of the

21  Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c).

22  29.    Quiksilver's use of highly similar tabs after Levi Strauss's mark became famous has

23  diluted or is likely to dilute the distinctive quality of Levi Strauss's Tab trademark in violation of 15

24  U.S.C. § 1125(c).

25  30.    Levi Strauss is entitled to injunctive relief pursuant to 15 U.S.C. § 1125(c).

26  31.    Because Quiksilver willfully intended to trade on Levi Strauss's reputation and/or to

27  cause dilution of Levi Strauss's famous trademark, Levi Strauss has suffered great damages and

28  irreparable harm and is entitled to damages, extraordinary damages, fees and costs pursuant to 15

1  U.S.C. § 1125(c)(2).

2  **FOURTH CLAIM**
   **CALIFORNIA DILUTION AND TRADEMARK INFRINGEMENT**
3  (Cal. Bus. & Prof. Code §§ 14245, 14247, 14250)

4  32.    Levi Strauss realleges and incorporates by reference each of the allegations contained

5  in paragraphs 1 through 31 of this Complaint.

6  33.    Quiksilver's infringement of Levi Strauss's registered trademark is likely to cause

7  consumer confusion and dilution of Levi Strauss's trademark in violation of California Business &

8  Professions Code Sections 14245 and 14247.

9  34.    Quiksilver infringed and diluted Levi Strauss's trademark with knowledge and intent to

10  cause confusion or mistake or to deceive, and with intent to cause dilution.

11  35.    Quiksilver's conduct is aggravated by that kind of willfulness, wantonness, malice and

12  conscious indifference to the rights and welfare of Levi Strauss for which California law allows the

13  imposition of exemplary damages.

14  36.    Pursuant to California Business & Professions Code §§ 14247 and 14250, Levi Strauss

15  is entitled to injunctive relief and damages in the amount of three times Quiksilver's profits and three

16  times all damages suffered by Levi Strauss by reason of Quiksilver's manufacture, use, display or sale

17  of infringing and/or diluting goods.

18  **FIFTH CLAIM**
   **CALIFORNIA UNFAIR COMPETITION**
19  (Cal. Bus. & Prof. Code § 17200)

20  37.    Levi Strauss realleges and incorporates by reference each of the allegations contained

21  in paragraphs 1 through 36 of this Complaint.

22  38.    Quiksilver's infringement of Levi Strauss's trademark constitutes "unlawful, unfair or

23  fraudulent business act[s] or practice[s] and unfair, deceptive, untrue or misleading advertising" within

24  the meaning of California Business & Professions Code Section 17200.

25  39.    As a consequence of Quiksilver's actions, Levi Strauss is entitled to injunctive relief

26  and an order that Quiksilver disgorge all profits from the conduct alleged in this Complaint.

27  **SIXTH CLAIM**
   **BREACH OF SETTLEMENT AGREEMENT**
28

1    40.    Levi Strauss realleges and incorporates by reference each of the allegations contained

2  in paragraphs 1 through 39 of this Complaint.

3    41.    Under the terms of the 2000 Settlement Agreement, which is attached to this Complaint

4  and incorporated by reference, Quiksilver agreed not to "manufacture, license, sell, offer for sale,

5  distribute, import, export, advertise, promote, or display any item of clothing . . . that displays . . . any

6  tab which is substantially similar to LS&CO.'s Tab Trademark."

7    42.    Levi Strauss has performed all of its obligations under the 2000 Settlement Agreement.

8    43.    Quiksilver has breached the terms of the 2000 Settlement Agreement by using designs

9  that are substantially similar to Levi Strauss's Tab trademark.

10    44.    As a proximate result of Quiksilver's breach, Levi Strauss has been damaged and has

11  incurred attorneys' fees and costs, as well as suffered irreparable harm for which there is no adequate

12  remedy at law.

13  ## PRAYER FOR JUDGMENT

14    WHEREFORE, Levi Strauss prays that this Court grant it the following relief:

15    45.    Adjudge that Quiksilver has infringed Levi Strauss's Tab trademark in violation of

16  Levi Strauss's rights under common law, 15 U.S.C. § 1114, and/or California law;

17    46.    Adjudge that Quiksilver has competed unfairly with Levi Strauss in violation of Levi

18  Strauss's rights under common law, 15 U.S.C. § 1125(a), and/or California law;

19    47.    Adjudge that Quiksilver's uses are likely to, or have, diluted Levi Strauss's Tab

20  trademark in violation of Levi Strauss's rights under common law, 15 U.S.C. § 1125(c), and/or

21  California law;

22    48.    Adjudge that Quiksilver has breached the terms of the 2000 Settlement Agreement;

23    49.    Adjudge that Quiksilver and its agents, employees, attorneys, successors, assigns,

24  affiliates, and joint venturers and any person(s) in active concert or participation with it, and/or any

25  person(s) acting for, with, by, through or under it, be enjoined and restrained at first during the

26  pendency of this action and thereafter permanently from:

27    a.    Manufacturing, producing, licensing, sourcing, importing, selling, offering for

28  sale, distributing, advertising, or promoting any goods that display any words or symbols that so

1 | resemble the Tab trademark as to be likely to cause confusion, mistake or deception, on or in
2 | connection with any product that is not authorized by or for Levi Strauss, including without limitation
3 | any product that bears any of the Quiksilver tabs which are the subject of this Complaint or any other
4 | design that is similar to the Quiksilver tabs that are the subject of this Complaint, or any other
5 | approximation of the Tab trademark;

6 |        b.      Using any word, term, name, symbol, device or combination of them that
7 | causes or is likely to cause confusion, mistake or deception as to the affiliation or association of
8 | Quiksilver or its products with Levi Strauss or as to the origin of Quiksilver's goods, or any false
9 | designation of origin, false or misleading description or representation of fact;

10 |        c.      Further infringing the rights of Levi Strauss in and to any of its trademarks in its
11 | LEVI'S® brand products or otherwise damaging Levi Strauss's goodwill or business reputation;

12 |        d.      Otherwise competing unfairly with Levi Strauss in any manner; and

13 |        e.      Continuing to perform in any manner whatsoever any of the other acts
14 | complained of in this Complaint;

15 |     50.    Adjudge that Quiksilver be required immediately to supply Levi Strauss's counsel with
16 | a complete list of individuals and entities from whom or which it purchased, and to whom or which it
17 | sold, offered for sale, distributed, advertised or promoted, infringing products as alleged in this
18 | Complaint or determined by the Court;

19 |     51.    Adjudge that Quiksilver be required immediately to deliver to Levi Strauss's counsel
20 | its entire inventory of infringing products, including without limitation pants and any other clothing,
21 | packaging, labeling, advertising and promotional material and all plates, patterns, molds, matrices and
22 | other material for producing or printing such items, that are in its possession or subject to its control
23 | and that infringe Levi Strauss's Tab trademark as alleged in this Complaint or determined by the
24 | Court;

25 |     52.    Adjudge that Quiksilver, within thirty (30) days after service of the judgment
26 | demanded herein, be required to file with this Court and serve upon Levi Strauss's counsel a written
27 | report under oath setting forth in detail the manner in which it has complied with the judgment;

28 |     53.    Adjudge that Levi Strauss recover from Quiksilver its damages, lost profits, punitive

1   damages and statutory penalties as are available in an amount to be proven at trial;

2       54.    Adjudge that Quiksilver be required to account for any profits that are attributable to

3   infringing products, and that Levi Strauss be awarded the greater of (1) three times Quiksilver's profits

4   or (2) three times any damages sustained by Levi Strauss, under 15 U.S.C. § 1117, plus prejudgment

5   interest;

6       55.    Order an accounting of and impose a constructive trust on all of Quiksilver's funds and

7   assets that arise out of its infringing activities;

8       56.    Adjudge that Levi Strauss be awarded its costs and disbursements incurred in

9   connection with this action, including Levi Strauss's reasonable attorneys' fees and investigative

10  expenses; and

11      57.    Adjudge that all such other relief be awarded to Levi Strauss as this Court deems just

12  and proper.

13

14  DATED: March 10, 2011               Respectfully submitted,

15

16                               By: _____

17                                  Gregory S. Gilchrist
                                    KILPATRICK TOWNSEND & STOCKTON LLP
                                    Attorneys for Plaintiff

18                                  LEVI STRAUSS & CO.

19

20

21

22

23

24

25

26

27

28

1    **DEMAND FOR JURY TRIAL**

2    Levi Strauss demands that this action be tried to a jury.

3

4    DATED: March 10, 2011                    Respectfully submitted,

5

6                                            By:  _____
                                                  Gregory S. Gilchrist
7                                                 KILPATRICK TOWNSEND & STOCKTON LLP
                                                  Attorneys for Plaintiff
8                                                 LEVI STRAUSS & CO.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1 | KILPATRICK TOWNSEND & STOCKTON LLP
GREGORY S. GILCHRIST (Bar # 111536)
2 | GIA L. CINCONE (Bar # 141668)
Two Embarcadero Center, 8th Floor
3 | San Francisco, California 94111
Telephone: (415) 576-0200
4 | Facsimile: (415) 576-0300
Email: ggilchrist@kilpatricktownsend.com, gcincone@kilpatricktownsend.com
5 |
Attorneys for Plaintiff
6 | LEVI STRAUSS & CO.

7 |

8 | UNITED STATES DISTRICT COURT

9 | FOR THE NORTHERN DISTRICT OF CALIFORNIA

10 |

11 | LEVI STRAUSS & CO., | Case No.

12 | Plaintiff, |
| | **CERTIFICATION OF INTERESTED**
13 | v. | **ENTITIES OR PERSONS**

14 | QUIKSILVER, INC.,

15 | Defendant.

16 |

17 | Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named

18 | parties, there is no such interest to report.

19 |

20 | DATED: March 10, 2011 Respectfully submitted,

21 |

22 | By:_____
Gregory S. Gilchrist
23 | KILPATRICK TOWNSEND & STOCKTON LLP
Attorneys for Plaintiff
24 | LEVI STRAUSS & CO.

25 |
63153981 v1
26 |

27 |

28 |

COMPLAINT | - 12 - | *Levi Strauss & Co. v. Quiksilver, Inc.*
Case No. _____

# EXHIBIT A



# THE UNITED STATES OF AMERICA

### UNITED STATES DEPARTMENT OF COMMERCE

**United States Patent and Trademark Office**

**July 17, 2001**

THE ATTACHED U.S. TRADEMARK REGISTRATION *356,701* IS
CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND
EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN
THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES
PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *20* YEARS FROM   *May 10, 1938*
*3rd* RENEWAL FOR A TERM OF *10* YEARS FROM   *May 10, 1998*
SECTION 8 & 15
REPUBLISHED SECTION 12C
SAID RECORDS SHOW TITLE TO BE IN:
   *LEVI STRAUSS & COMPANY*

By Authority of the
COMMISSIONER OF PATENTS AND TRADEMARKS

**T. WALLACE**

**Certifying Officer**

**Registered May 10, 1938**

**Trade-Mark 356,701**

Republished, under the Act of 1946, April 27, 1948, by
Levi Strauss & Company, San Francisco, Calif.

Affidavit under Section 8 accepted.
Affidavit under Section 15 received, Aug. 31, 1953.

# UNITED STATES PATENT OFFICE

### Levi Strauss & Company, San Francisco, Calif.

### Act of February 20, 1905

### Application June 30, 1937, Serial No. 394,734



## STATEMENT

*To the Commissioner of Patents:*

Levi Strauss & Company, a corporation duly organized under the laws of the State of California and located at city and county of San Francisco, State of California, and doing business at 98 Battery Street, San Francisco, California, has adopted and used the trade-mark shown in the accompanying drawing, for MEN'S, WOMEN'S, AND CHILDREN'S OVERALLS OF THE PATCH-POCKET TYPE, in Class 39, Clothing, and presents herewith five specimens showing the trade-mark as actually used by applicant upon the goods, and requests that the same be registered in the United States Patent Office in accordance with the act of February 20, 1905.

The trade-mark consists of a small marker or tab, of textile material or the like, colored red, appearing on and affixed permanently to the exterior of the garment in a position that the red tab is visible, while the garment is being worn.

The trade-mark has been continuously used in the business of the applicant since on or about September 1, 1936.

In practice the trade-mark is applied to the goods by stitching an end of a red marker or tab into one of the regular structural seams of t'' garment so that the stitching of said seam secures one end of the red tab to the garment with a portion thereof extending visibly from the edge of the seam.

No claim is made herein for the representation of a portion of the garment or seam shown in the drawing, these being shown merely to illustrate one manner in which the red marker or red tab may be applied to a garment. The drawing is lined for the color red.

The undersigned hereby appoints Chas. E. Townsend, whose address is 906-917 Crocker Building, San Francisco, California, its attorney with full power of substitution and revocation to prosecute this application, to make alterations and amendments therein, to receive the certificate of registration, and to transact all business in the Patent Office connected therewith.

LEVI STRAUSS & COMPANY,
By D. A. BERONIO,
*Secretary.*

Registered May 10, 1938

**~Amendment**

Registration No. 356,701

Levi Strauss & Company

Application to amend having been made by Levi Strauss & Co., owner of the registration above identified, said registration is hereby amended as follows:

In the statement, column 1, lines 8 through 10, the description of goods is deleted and *Pants of the patch-pocket type worn by men, women and children* is inserted.

Such amendment has been entered upon the records of the Patent and Trademark Office and the said original registration should be read as so amended.

Signed and sealed this 15th day of August 1978.

[SEAL]

Attest:
JANIE COOKSEY,
*Attesting Officer.*

DONALD W. BANNER,
*Commissioner.*

Int. Cl.: 25

Prior U.S. Cl.: 39

Reg. No. 356,701

**United States Patent and Trademark Office** Registered May 10, 1938

10 Year Renewal Renewal Term Begins May 10, 1998

## TRADEMARK
## PRINCIPAL REGISTER



LEVI STRAUSS & CO. (DELAWARE CORPORATION)
1155 BATTERY STREET
SAN FRANCISCO, CA 94111, BY CHANGE OF NAME, MERGER AND CHANGE OF NAME FROM LEVI STRAUSS & COMPANY (CALIFORNIA CORPORATION) SAN FRANCISCO, CA

NO CLAIM IS MADE HEREIN FOR THE REPRESENTATION OF A PORTION OF THE GARMENT OR SEAM SHOWN IN THE DRAWING, THESE BEING SHOWN MERELY TO ILLUSTRATE ONE MANNER IN WHICH THE RED MARKER OR RED TAB MAY BE APPLIED TO A GARMENT.

THE DRAWING IS LINED FOR THE COLOR RED.

FOR: [MEN'S, WOMEN'S, AND CHILDREN'S OVERALLS OF THE PATCHPOCKET TYPE] * PANTS OF THE PATCH-POCKET TYPE WORN BY MEN, WOMEN AND CHILDREN *, IN CLASS 39 (INT. CL. 25).

FIRST USE 9-1-1936; IN COMMERCE 9-1-1936.

SER. NO. 71-394,734, FILED 6-30-1937.

*In testimony whereof I have hereunto set my hand and caused the seal of The Patent and Trademark Office to be affixed on Nov. 24, 1998.*

COMMISSIONER OF PATENTS AND TRADEMARKS



# THE UNITED STATES OF AMERICA

### TO ALL TO WHOM THESE PRESENTS SHALL COME:
## UNITED STATES DEPARTMENT OF COMMERCE

**United States Patent and Trademark Office**

July 16, 2001

THE ATTACHED U.S. TRADEMARK REGISTRATION *516,561* IS
CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND
EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN
THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES
PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *20* YEARS FROM  *October 18, 1949*
*2nd* RENEWAL FOR A TERM OF *20* YEARS FROM  *October 18, 1989*
SECTION 8 & 15
AMENDMENT/CORRECTION/NEW CERT(SEC7) ISSUED
SAID RECORDS SHOW TITLE TO BE IN:
  *STRAUSS, LEVI & CO.*
  *A DELAWARE CORPORATION*

By Authority of the
COMMISSIONER OF PATENTS AND TRADEMARKS

L. Edele

**L. EDELEN**
**Certifying Officer**

## Amendment

Registered October 18, 1949          Registration No. 516,561

Levi Strauss & Company

Application to amend having been made by Levi Strauss & Co., owner of the registration above identified, said registration is hereby amended as follows:

In the statement, column 1, line 7, "overalls" is deleted and *jeans* is inserted.

Such amendment has been entered upon the records of the Patent Office and the said original registration should be read as so amended.

Signed and sealed this 16th day of September 1969.

[SEAL]

EDWIN L. REYNOLDS,
*First Assistant Commissioner of Patents.*

Int. Cl.: 25

Prior U.S. Cl.: 39

### United States Patent and Trademark Office

Renewal

Reg. No. 516,561
Registered Oct. 18, 1949
OG Date Oct. 24, 1989

## TRADEMARK
## PRINCIPAL REGISTER



LEVI STRAUSS & CO. (DELAWARE CORPORATION)
1155 BATTERY STREET
SAN FRANCISCO, CA 94111, BY MERGER WITH AND CHANGE OF NAME FROM LEVI STRAUSS & COMPANY (CALIFORNIA CORPORATION) SAN FRANCISCO, CA AND LEVI STRAUSS & COMPANY (CALIFORNIA CORPORATION) SAN FRANCISCO, CA

OWNER OF U.S. REG. NOS. 250,265 AND 413,386.

FOR: MEN'S, WOMEN'S AND CHILDREN'S JEANS AND JACKETS, IN CLASS 39 (INT. CL. 25).

FIRST USE 9–1–1936; IN COMMERCE 7–1–1937.

SER. NO. 556,108, FILED 5–3–1948.

*In testimony whereof I have hereunto set my hand and caused the seal of The Patent and Trademark Office to be affixed on Oct. 24, 1989.*

COMMISSIONER OF PATENTS AND TRADEMARKS

Registered Oct. 18, 1949

# Registration No. 516,561

## PRINCIPAL REGISTER
### Trade-Mark

# UNITED STATES PATENT OFFICE

**Levi Strauss & Company, San Francisco, Calif.**

**Act of 1946**

**Application May 3, 1948, Serial No. 556,106**



**(Statement)**

Levi Strauss & Company, a corporation duly organized under the laws of the State of California, located at San Francisco, California, and doing business at 98 Battery Street, San Francisco, California, has adopted and is using the trade-mark shown in the accompanying drawing, for MEN'S, WOMEN'S, AND CHILDREN'S OVERALLS AND JACKETS, in Class 39, Clothing, and presents herewith five specimens showing the trade-mark as actually used in connection with such goods, the trade-mark being applied to the goods by affixing permanently thereto a tab of textile material on which the trade-mark is shown, and requests that the same be registered in the United States Patent Office on the Principal Register in accordance with the act of July 5, 1946.

The trade-mark was first used on jackets July 1, 1937, and on overalls September 1, 1936, and first used in commerce among the several States and between the United States and foreign nations which may lawfully be regulated by Congress on jackets July 1, 1937, and on overalls September 1, 1936.

Applicant is the owner of the trade-mark, Registration No. 413,386, dated April 24, 1945, and Registration No. 250,265, dated December 4, 1928.

**(Declaration)**

D. A. Beronio, being duly sworn, deposes and says that he is the secretary of Levi Strauss & Company, the applicant named in the foregoing statement; that he believes that said corporation is the owner of the trade-mark which is in use in commerce among the several States and between the United States and foreign nations, and that no other person, firm, corporation or association, to the best of his knowledge and belief, has the right to use such trade-mark in commerce which may lawfully be regulated by Congress, either in the identical form thereof or in such near resemblance thereto as might be calculated to deceive; that the drawing and description truly represent the trade-mark sought to be registered; that the specimens show the trade-mark as actually used in connection with the goods; and that the facts set forth in the statement are true.

LEVI STRAUSS & COMPANY,
By D. A. BERONIO,
*Secretary.*



438296

# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:
UNITED STATES DEPARTMENT OF COMMERCE

**United States Patent and Trademark Office**

July 17, 2001

THE ATTACHED U.S. TRADEMARK REGISTRATION **577,490** IS
CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND
EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN
THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES
PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *20* YEARS FROM   *July 21, 1953*
*2nd* RENEWAL FOR A TERM OF *20* YEARS FROM   *July 21, 1993*
SECTION 8 & 15
SAID RECORDS SHOW TITLE TO BE IN:
  *LEVI STRUASS & COMPANY*

By Authority of the
COMMISSIONER OF PATENTS AND TRADEMARKS

T. WALLACE
Certifying Officer

Case3:11-cv-01177-JCS Document1 Filed03/10/11 Page23 of 66

Registered July 21, 1953      **Registration No. 577,490**

## PRINCIPAL REGISTER
### Trade-Mark

# UNITED STATES PATENT OFFICE

Levi Strauss & Company, San Francisco, Calif.

**Act of 1946**

Application April 30, 1949, Serial No. 578,119



## STATEMENT

Levi Strauss & Company, a corporation duly organized under the laws of the State of California, located at San Francisco, California, and doing business at 98 Battery Street, San Francisco, California, has adopted and is using the trade-mark shown in the accompanying drawing, for OVERALLS, in Class 39, Clothing, and presents herewith five facsimiles showing the trade-mark as actually used in connection with such goods, the trade-mark being applied to the goods in the manner hereinafter set forth, and requests that the same be registered in the United States Patent Office on the Principal Register in accordance with the act of July 5, 1946.

The trade-mark was first used on September 1, 1936, and first used in commerce among the several States which may lawfully be regulated by Congress on September 1, 1936.

The trade-mark consists of a small marker or tab, of textile material or the like, colored red, appearing on and affixed permanently to the exterior of the garment in a position that the red tab is visible, while the garment is being worn.

In practice, the trade-mark is applied to the goods by stitching an end of a red marker or tab into one of the regular structural seams of the hip pockets of the garment so that the stitching of said seam secures one end of the red tab to the garment with a portion thereof extending visibly from the edge of the seam.

The drawing is lined for the color red.

Applicant is the owner of Trade-Mark Registration No. 356,701 issued May 10, 1938, and No. 404,248 issued November 16, 1943.

LEVI STRAUSS & COMPANY,
By D. A. BERONIO,
*Secretary.*

## Amendment

Registered July 21, 1953

Registration No. 577,490

### Levi Strauss & Company

Application to amend having been made by Levi Strauss & Co., owner of the registration above identified, said registration is hereby amended as follows:

In the statement, column 1, line 7, "overalls" is deleted and *jeans* is inserted.

Such amendment has been entered upon the records of the Patent Office and the said original registration should be read as so amended.

Signed and sealed this 29th day of May 1973.

[SEAL]

Attest:

K. E. PATRICK,
*Attesting Officer.*

ROBERT GOTTSCHALK,
*Commissioner of Patents.*



438298

# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:
### UNITED STATES DEPARTMENT OF COMMERCE

United States Patent and Trademark Office

July 17, 2001

THE ATTACHED U.S. TRADEMARK REGISTRATION *774,625* IS CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *20* YEARS FROM   *August 04, 1964*
*1st* RENEWAL FOR A TERM OF *20* YEARS FROM   *August 04, 1984*
SECTION 8 & 15
SAID RECORDS SHOW TITLE TO BE IN:
  *STRAUSS, LEVI OF OF DELAWARE, INC.*
  *A DELAWARE CORP.*

By Authority of the
COMMISSIONER OF PATENTS AND TRADEMARKS

T. WALLACE

Certifying Officer

# United States Patent Office

**774,625**
**Registered Aug. 4, 1964**

## PRINCIPAL REGISTER
### Trademark

Ser. No. 171,283, filed June 18, 1963



Levi Strauss & Co. (California corporation)
98 Battery St.
San Francisco 6, Calif.

For: GARMENTS, PARTICULARLY TROUSERS, in CLASS 39.

First use May 22, 1963; in commerce May 22, 1963.

The mark consists of a small marker or black tab affixed to the exterior of the garment at the hip pocket.

Owner of Reg. Nos. 356,701, 577,490, and 720,376.



# THE UNITED STATES OF AMERICA

### TO ALL TO WHOM THESE PRESENTS SHALL COME:
#### UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**

**July 16, 2001**

THE ATTACHED U.S. TRADEMARK REGISTRATION *775,412* IS CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *20* YEARS FROM *August 18, 1964*
*1st* RENEWAL FOR A TERM OF *20* YEARS FROM *August 18, 1984*
SECTION 8 & 15
SAID RECORDS SHOW TITLE TO BE IN:
  *STRAUSS LEVI & CO.*
  *A DELAWARE CORPORATION*

By Authority of the
COMMISSIONER OF PATENTS AND TRADEMARKS

*L. Edelen*

**L. EDELEN**
**Certifying Officer**

# United States Patent Office

**775,412**
**Registered Aug. 18, 1964**

## PRINCIPAL REGISTER
## Trademark

Ser. No. 171,282, filed June 18, 1963



Levi Strauss & Co. (California corporation)
98 Battery St.
San Francisco 6, Calif.

For: GARMENTS, PARTICULARLY TROUSERS, in CLASS 39.

First use Oct. 9, 1957; in commerce Oct. 9, 1957.

The mark consists of a small marker or white tab with the name "Levi's" superposed thereon, which is affixed to the exterior of the garment at the hip pocket.

Owner of Reg. Nos. 250,265, 720,376, and others.



# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:

### UNITED STATES DEPARTMENT OF COMMERCE

United States Patent and Trademark Office

**July 17, 2001**

THE ATTACHED U.S. TRADEMARK REGISTRATION *1,157,769* IS
CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND
EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN
THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES
PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *20* YEARS FROM  *June 16, 1981*
*SECTION 8 & 15*
SAID RECORDS SHOW TITLE TO BE IN:
    *LEVI STRAUSS & CO.*
    *A DELAWARE CORP.*



By Authority of the
COMMISSIONER OF PATENTS AND TRADEMARKS

T. WALLACE

Certifying Officer

Int. Cl.: 25

Prior U.S. Cl.: 39

## United States Patent and Trademark Office

Reg. No. 1,157,769
Registered Jun. 16, 1981

## TRADEMARK
### Principal Register



Levi Strauss & Co. (Delaware corporation)
98 Battery St.
San Francisco, Calif. 94106, by merger and change of name from
Levi Strauss & Co. (California corporation)
San Francisco, Calif.

For: TROUSERS, in CLASS 25 (U.S. Cl. 39).
First use Sep. 1, 1936; in commerce Sep. 1, 1936.
Owner of U.S. Reg. Nos. 356,701, 775,412 and others.

Applicant disclaims the representation of the goods apart from the mark as shown.

The mark consists of a small marker or tab affixed to the exterior of the garment at the hip pocket.

Ser. No. 263,725, filed Feb. 1, 1967.

J. C. DEMOS, Deputy Director



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
**OFFICE OF ASSISTANT COMMISSIONER FOR TRADEMARKS**
**2900 Crystal Drive**
**Arlington, Virginia   22202-3513**

REGISTRATION NO: 1157769      SERIAL NO: 72263725      MAILING DATE: 09/01/2001
REGISTRATION DATE: 06/16/1981
MARK: MISCELLANEOUS DESIGN
REGISTRATION OWNER: LEVI STRAUSS & CO
CORRESPONDENCE ADDRESS:

KAREN S FRANK
LEGAL STRATEGIES GROUP
5905 CHRISTIE AVENUE
EMERYVILLE CA   94608

# NOTICE OF ACCEPTANCE
## 15 U.S.C. Sec. 1058(a)(3)

THE COMBINED AFFIDAVIT AND RENEWAL APPLICATION FILED FOR THE ABOVE-
IDENTIFIED REGISTRATION MEETS THE REQUIREMENTS OF SECTION 8 OF THE
TRADEMARK ACT, 15 U.S.C. Sec. 1058.

ACCORDINGLY, THE SECTION 8 AFFIDAVIT IS ACCEPTED.

*******************************************

# NOTICE OF RENEWAL
## 15 U.S.C. Sec. 1059(a)

THE COMBINED AFFIDAVIT AND RENEWAL APPLICATION FILED FOR THE ABOVE-
IDENTIFIED REGISTRATION MEETS THE REQUIREMENTS OF SECTION 9 OF THE
TRADEMARK ACT, 15 U.S.C. Sec. 1058.

ACCORDINGLY, THE REGISTRATION IS RENEWED.

*******************************************

THE REGISTRATION WILL REMAIN IN FORCE FOR CLASS(ES):
039.

LEE, HAROLD D
PARALEGAL SPECIALIST
POST-REGISTRATION DIVISION
(703)308-9500

   PLEASE SEE THE REVERSE SIDE OF THIS NOTICE FOR INFORMATION
   CONCERNING REQUIREMENTS FOR MAINTAINING THIS REGISTRATION

TMLT6 (9/99)

# EXHIBIT B





Exhibit B-1



Exhibit B-2



Exhibit B-3



Exhibit B-4



Exhibit B-5

# EXHIBIT C

## SETTLEMENT AGREEMENT BETWEEN
## LEVI STRAUSS & CO. AND QUIKSILVER, INC.

### RECITALS

A.     Levi Strauss & Co. (hereinafter "LS&CO.") is the owner of the Tab Device Trademark (hereinafter the "Tab Trademark") which it has used for many years to identify itself as the source of its clothing products, including jeans and shirts. Illustrative examples of LS&CO.'s registrations for its Tab Trademark are attached as Exhibit A.

B.     Quiksilver, Inc. has manufactured, distributed, and sold shirts under the brand name Quiksilver. Quiksilver shirts have displayed two different shirt pocket tabs (hereinafter the "Quiksilver shirt tabs") which LS&CO. alleges to be highly similar to, and Quiksilver claims is not highly similar to, LS&CO.'s Tab Trademark. A color copy of the shirt pocket portion of Quiksilver shirts displaying each of these designs is attached hereto as Exhibit B.

C.     LS&CO. and Quiksilver, Inc. desire to compromise, settle, and release all actual and potential claims and disputes between them which in any way arise out of or are connected to the Quiksilver shirt tabs. Therefore, in consideration of the terms, conditions, and representations set forth below, LS&CO. and Quiksilver, Inc. hereby agree to the following terms and conditions.

### TERMS

1.     This Agreement shall be binding on the parties, their affiliates, subsidiaries, assignees, licensees, successors and all other entities under their control throughout the United States, Canada and Mexico.

2.     Quiksilver, Inc. acknowledges that the Tab Trademark is a valid and famous trademark of LS&CO. and that LS&CO. has the exclusive right to use that trademark throughout the United States, Canada and Mexico.

3.     Quiksilver, Inc. represents and warrants that as of the date of this Agreement, it has discontinued manufacturing or licensing the manufacture of garments that display the Quiksilver shirt tabs illustrated in Exhibit B, in the United States, Canada and Mexico.

71185_1

4.　　Quiksilver, Inc. agrees that it will not in the future manufacture, license, sell, offer for sale, distribute, import, export, advertise, promote, or display any item of clothing or related accessory, anywhere in the United States, Canada or Mexico, that displays:

a.　　any tab in the form and placement illustrated in Exhibit B; and/or

b.　　any tab which is substantially similar to LS&CO.'s Tab Trademark.

5.　　In consideration for Quiksilver, Inc.'s promises and representations summarized above, LS&CO. releases Quiksilver, Inc., its licensees, distributors and customers from any claims, actions, or causes of action arising from the past manufacture, distribution or sale of garments, in the United States, Canada and Mexico only, that display the Quiksilver shirt tabs illustrated in Exhibit B. Quiksilver, Inc. releases LS&CO., its affiliates, subsidiaries, agents, officers, directors, employees, successors and assigns, from any claims, actions, or causes of action arising from LS&CO.'s efforts to stop Quiksilver, Inc.'s use of the Quiksilver shirt tabs in the United States, Canada or Mexico.

6.　　The parties acknowledge that their releases do not apply to any matter not specifically released by this Agreement. In particular and without limiting the generality of the foregoing, the parties acknowledge that LS&CO.'s release does not apply to (a) any future use by Quiksilver, Inc. of any tab, label, or pocket design except the one in Exhibit C, or (b) any past use by Quiksilver, Inc. of any tab, label, or pocket design except the two in Exhibit B, regardless of whether such design was first used prior to the date of this Agreement.

7.　　LS&CO. agrees that it will not oppose or otherwise challenge Quiksilver, Inc.'s use of the shirt tab illustrated in Exhibit C. This covenant shall not be construed to imply a waiver of LS&CO.'s rights as to any tab, label, or pocket design. Except as specifically provided in this Agreement, LS&CO. reserves the right to challenge any tab, label, or pocket design.

8.　　All agreements and releases by LS&CO. herein are conditioned on Quiksilver, Inc. complying with all of the terms of this Agreement.

9.　　The parties each represent that this Agreement is freely and voluntarily entered into, with the independent advice of each party's attorneys; that no promise, inducement, or agreement not contained in this Agreement has been made on any subject in connection with this Agreement; and that they have not been induced to execute this Agreement by reason of the non-disclosure or suppression of any fact.

10. This Agreement constitutes the entire agreement between the parties. It may not be altered, modified or otherwise changed in any respect except by writing, duly executed by both parties or their authorized representatives.

11. In the event any provision of this Agreement or the application of any such provision shall be held by a court or tribunal to be invalid or unenforceable, the remaining provisions of this Agreement shall remain in full force and effect.

12. Each party represents and warrants that it is authorized to enter into this Agreement and that the person executing this Agreement on its behalf has the capacity, full power and authority to bind it to each and every provision of this Agreement.

13. This Agreement shall be deemed to have been drafted by all parties to the Agreement and no rule of construction shall be applied against any party as the drafter.

14. The parties declare that each of them has read this Agreement, knows and understands its contents, and comprehends and agrees to all of its terms, conditions and meanings and their significance.

IN WITNESS WHEREOF, the parties hereto have executed and delivered this Agreement as of the date on which the last-signing party signs below.

DATED: 3/2/00

QUIKSILVER, INC.

By: _____

Name: ROBERT B MCKNIGHT

Title: CEO

DATED: 9/21/00

LEVI STRAUSS & CO.

By: _____

Name: **Joseph M. Maurer**
~~Vice President & Treasurer~~

Title: _____



## The United States of America

## CERTIFICATE OF RENEWAL

The registration shown in this certificate has been renewed in the United States Patent and Trademark Office to the named registrant.

The records of the United States Patent and Trademark Office show that an application for renewal of the registration for the mark shown in this certificate was filed in the Office, that the application was examined and determined to be in compliance with the requirements of the law and with the regulations prescribed by the Commissioner of Patents and Trademarks, and that the registrant is entitled to renewal of the registration for the mark under the Trademark Act of 1946, as Amended.

A copy of the mark and pertinent data from the registration are a part of this certificate.

This registration shall remain in force for TEN (10) years, unless terminated earlier as provided by law.



Commissioner of Patents and Trademarks

Int. Cl.: 25

Prior U.S. Cl.: 39

**United States Patent and Trademark Office**

Reg. No. 356,701

Registered May 10, 1938

10 Year Renewal

Renewal Term Begins May 10, 1998

## TRADEMARK
## PRINCIPAL REGISTER



LEVI STRAUSS & CO. (DELAWARE CORPORATION)
1155 BATTERY STREET
SAN FRANCISCO, CA 94111, BY CHANGE OF NAME, MERGER AND CHANGE OF NAME FROM LEVI STRAUSS & COMPANY (CALIFORNIA CORPORATION) SAN FRANCISCO, CA

NO CLAIM IS MADE HEREIN FOR THE REPRESENTATION OF A PORTION OF THE GARMENT OR SEAM SHOWN IN THE DRAWING, THESE BEING SHOWN MERELY TO ILLUSTATE ONE MANNER IN WHICH THE RED MARKER OR RED TAB MAY BE APPLIED TO A GARMENT.

THE DRAWING IS LINED FOR THE COLOR RED.

FOR: [MEN'S, WOMEN'S, AND CHILDREN'S OVERALLS OF THE PATCHPOCKET TYPE] * PANTS OF THE PATCH-POCKET TYPE WORN BY MEN, WOMEN AND CHILDREN *, IN CLASS 39 (INT. CL. 25).

FIRST USE 9-1-1936; IN COMMERCE 9-1-1936.

SER. NO. 71-394,734, FILED 6-30-1937.

*In testimony whereof I have hereunto set my hand and caused the seal of The Patent and Trademark Office to be affixed on Nov. 24, 1998.*

COMMISSIONER OF PATENTS AND TRADEMARKS



# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:

### UNITED STATES DEPARTMENT OF COMMERCE
### United States Patent and Trademark Office

December 18, 1995

THE ATTACHED U.S. TRADEMARK REGISTRATION   *516,561* IS CERTIFIED TO BE A
TRUE COPY WHICH IS IN FULL FORCE AND EFFECT WITH NOTATIONS OF ALL
STATUTORY ACTIONS TAKEN THEREON AS DISCLOSED BY THE RECORDS OF
THE UNITED STATES PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *20* YEARS FROM   *October 18, 1949*
*2ND* RENEWAL FOR A TERM OF *20* YEARS FROM   *October 18, 1989*
SECTION 8 & 15
AMENDMENT/CORRECTION/NEW CERT(SEC7) ISSUED
SAID RECORDS SHOW TITLE TO BE IN:
   *LEVI STRAUSS & CO.*
   *A DE CORP*

By Authority of the
COMMISSIONER OF PATENTS AND TRADEMARKS

*L. Edelen*

**L. EDELEN**
Certifying Officer

## Amendment

Registered October 18, 1949 · Registration No. 516,561

### Levi Strauss & Company

Application to amend having been made by Levi Strauss & Co., owner of the registration above identified, said registration is hereby amended as follows:

In the statement, column 1, line 7, "overalls" is deleted and *jeans* is inserted.

Such amendment has been entered upon the records of the Patent Office and the said original registration should be read as so amended.

Signed and sealed this 16th day of September. 1969.

[SEAL.]

EDWIN L. REYNOLDS,
*First Assistant Commissioner of Patents.*

Int. Cl. 25

Registered Oct. 18, 1949 SECOND RENEWAL Registration No. 516,561

## PRINCIPAL REGISTER

**AFFIDAVIT SEC. 8 ACCEPTED**

**Trade-Mark**

**AFFIDAVIT SEC. 15 RECEIVED 12-9-54**

RENEWED
Levi Strauss & Co.
San Francisco Calif.

# UNITED STATES PATENT OFFICE

Levi Strauss & Company, San Francisco, Calif.

Act of 1946

Application May 3, 1948, Serial No. 556,108



(Statement)

Levi Strauss & Company, a corporation duly organized under the laws of the State of California, located at San Francisco, California, and doing business at 98 Battery Street, San Francisco, California, has adopted and is using the trade-mark shown in the accompanying drawing, for MEN'S, WOMEN'S, AND CHILDREN'S OVERALLS AND JACKETS, in Class 39, Clothing, and presents herewith five specimens showing the trade-mark as actually used in connection with such goods, the trade-mark being applied to the goods by affixing permanently thereto a tab of textile material on which the trade-mark is shown, and requests that the same be registered in the United States Patent Office on the Principal Register in accordance with the act of July 5, 1946.

The trade-mark was first used on jackets July 1, 1937, and on overalls September 1, 1936, and first used in commerce among the several States and between the United States and foreign nations which may lawfully be regulated by Congress on jackets July 1, 1937, and on overalls September 1, 1936.

Applicant is the owner of the trade-mark, Reg-

istration No. 413,386, dated April 24, 1945, and Registration No. 250,265, dated December 4, 1928.

(Declaration)

D. A. Beronio, being duly sworn, deposes and says that he is the secretary of Levi Strauss & Company, the applicant named in the foregoing statement; that he believes that said corporation is the owner of the trade-mark which is in use in commerce among the several States and between the United States and foreign nations, and that no other person, firm, corporation or association, to the best of his knowledge and belief, has the right to use such trade-mark in commerce which may lawfully be regulated by Congress, either in the identical form thereof or in such near resemblance thereto as might be calculated to deceive; that the drawing and description truly represent the trade-mark sought to be registered; that the specimens show the trade-mark as actually used in connection with the goods; and that the facts set forth in the statement are true.

LEVI STRAUSS & COMPANY,
By D. A. BERONIO,
*Secretary.*



ACTIVE
JANUARY, 1983



**Amendment**

# THE UNITED STATES OF AMERICA

### TO ALL TO WHOM THESE PRESENTS SHALL COME:

UNITED STATES DEPARTMENT OF COMMERCE

United States Patent and Trademark Office

December 18, 1995

THE ATTACHED U.S. TRADEMARK REGISTRATION 577,490 IS CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF 20 YEARS FROM July 21, 1953

2ND RENEWAL FOR A TERM OF 10 YEARS FROM July 21, 1993

SECTION 8 & 15

AMENDMENT/CORRECTION/NEW CERT(SEC7) ISSUED

SAID RECORDS SHOW TITLE TO BE IN:

LEVI STRAUSS & CO.

A DE CORP

By Authority of the

COMMISSIONER OF PATENTS AND TRADEMARKS

L. Edelen

L. EDELEN

Certifying Officer

## Amendment

Registered July 21, 1953 .. Registration No. 577,490

### Levi Strauss & Company

Application to amend having been made by Levi Strauss & Co., owner of the registration above identified, said registration is hereby amended as follows:

In the statement, column 1, line 7, "overalls" is deleted and *jeans* is inserted.
Such amendment has been entered upon the records of the Patent Office and the said original registration should be read as so amended.
Signed and sealed this 29th day of May 1973.

[SEAL]

Attest:
K. E. PATRICK,
*Attesting Officer.*

ROBERT GOTTSCHALK,
*Commissioner of Patents.*

Cl. 25

Registered July 21, 1953

Registration No. 577,490

AFFIDAVIT SEC. 8    P    ...L REGISTER    AFFIDAVIT SEC. 15
   ACCEPTED                Trade-Mark         REC ... ED ...

RENEWED
Levi Strauss & Co.
San Francisco, Calif.

SECOND RENEWAL

# UNITED   STATES   PATENT   OFFICE

**Levi Strauss & Company, San Francisco, Calif.**

### Act of 1946

Application April 30, 1949, Serial No. 578,119



## STATEMENT

Levi Strauss & Company, a corporation duly organized under the laws of the State of California, located at San Francisco, California, and doing business at 98 Battery Street, San Francisco, California, has adopted and is using the trade-mark shown in the accompanying drawing, for OVERALLS, in Class 39, Clothing, and presents herewith five facsimiles showing the trade-mark as actually used in connection with such goods, the trade-mark being applied to the goods in the manner hereinafter set forth, and requests that the same be registered in the United States Patent Office on the Principal Register in accordance with the act of July 5, 1946.

The trade-mark was first used on September 1, 1936, and first used in commerce among the several States which may lawfully be regulated by Congress on September 1, 1936.

The trade-mark consists of a small marker or tab, of textile material or the like, colored red, appearing on and affixed permanently to the exterior of the garment in a position that the red tab is visible, while the garment is being worn.

In practice, the trade-mark is applied to the goods by stitching an end of a red marker or tab into one of the regular structural seams of the hip pockets of the garment so that the stitching of said seam secures one end of the red tab to the garment with a portion thereof extending visibly from the edge of the seam.

The drawing is lined for the color red.

Applicant is the owner of Trade-Mark Registration No. 356,701 issued May 10, 1938, and No. 404,248 issued November 16, 1943.

LEVI STRAUSS & COMPANY,
By D. A. BERONIO,
   *Secretary.*



# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office

December 14, 1995

THE ATTACHED U.S. TRADEMARK REGISTRATION 774,625 IS CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *20* YEARS FROM *August 04, 1964*
*1ST* RENEWAL FOR A TERM OF *20* YEARS FROM *August 04, 1984*
SECTION 8 & 15
SAID RECORDS SHOW TITLE TO BE IN:
  *LEVI STRAUSS & CO.*
  *A DE CORP*



By Authority of the
COMMISSIONER OF PATENTS AND TRADEMARKS

L. Edelen

**L. EDELEN**
Certifying Officer

# .ted States Patent Office

774,625

Registered Aug. 4, 1964

IDAVIT SEC.. 8
ACCEPTED

## PRINCIPAL REGISTER
## Trademark ·

AFFIDAVIT SEC. 15
RECEIVED 4-23-70.

Ser. No. 171,283, filed June 18, 1953



Levi Strauss & Co. (California corporation)
98 Battery St.
San Francisco 6, Calif.

For: GARMENTS, PARTICULARLY TROUSERS,
in CLASS 39.
First use May 22, 1963; in commerce May 22, 1963.
The mark consists of a small marker or black tab af-
fixed to the exterior of the garment at the hip pocket.
Owner of Reg. Nos. 356,701, 577,490, and 720,376.




# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office

December 14, 1995

THE ATTACHED U.S. TRADEMARK REGISTRATION 775,412 IS CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF 20 YEARS FROM August 18, 1964
1ST RENEWAL FOR A TERM OF 20 YEARS FROM August 18, 1984
SECTION 8 & 15
SAID RECORDS SHOW TITLE TO BE IN:
LEVI STRAUSS & CO.
A DE CORP



By Authority of the
COMMISSIONER OF PATENTS AND TRADEMARKS

L. Edelen

L. EDELEN
Certifying Officer

# d States Patent Office.

775,412

Registered Aug. 18, 1964

VIT SEC. 8
CEPTED

## PRINCIPAL REGISTER
### Trademark

AFFIDAVIT SEC. 15
RECEIVED  4 - 23 - 70

Ser. No. 171,282, filed June 18, 1963



Levi Strauss & Co. (California corporation)
98 Battery St.
San Francisco 6, Calif.

For: GARMENTS, PARTICULARLY TROUSERS, in CLASS 39.

First use Oct. 9, 1957; in commerce Oct. 9, 1957.

The mark consists of a small marker or white tab with the name "Levi's" superposed thereon, which is affixed to the exterior of the garment at the hip pocket.

Owner of Reg. Nos. 250,265, 720,376, and others.



# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office

December 14, 1995

THE ATTACHED U.S. TRADEMARK REGISTRATION *1,157,769* IS CERTIFIED TO BE A
TRUE COPY WHICH IS IN FULL FORCE AND EFFECT WITH NOTATIONS OF ALL
STATUTORY ACTIONS TAKEN THEREON AS DISCLOSED BY THE RECORDS OF
THE UNITED STATES PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *20* YEARS FROM *June 16, 1981*
SECTION 8 & 15
SAID RECORDS SHOW TITLE TO BE IN:
  *LEVI STRAUSS & CO.*
  *A DE CORP*



By Authority of the
COMMISSIONER OF PATENTS AND TRADEMARKS

L. EDELEN
Certifying Officer

. Cl.: 25

Prior U.S. Cl.: 39

Reg. No. 1,157,769
Registered Jun. 16, 1981

## United States Patent and Trademark Office

## TRADEMARK
### Principal Register



Levi Strauss & Co. (Delaware corporation)
90 Battery St.
San Francisco, Calif. 94106, by merger and change of
name from
Levi Strauss & Co. (California corporation)
San Francisco, Calif.

For: TROUSERS, in CLASS 25 (U.S. Cl. 39).
First use Sep. 1, 1936; in commerce Sep. 1, 1936.
Owner of U.S. Reg. Nos. 356,701, 775,412 and
others.
Applicant disclaims the representation of the goods
apart from the mark as shown.
The mark consists of a small marker or tab affixed
to the exterior of the garment at the hip pocket.

Ser. No. 263,725, filed Feb. 1, 1957.

J. C. DEMOS, Deputy Director



**STATE OF CALIFORNIA**

**OFFICE OF THE
SECRETARY OF STATE**

Trademark
Reg. No. _____ 52312

## CERTIFICATE OF REGISTRATION OF TRADEMARK

I, EDMUND G. BROWN JR., Secretary of State of the State of California, hereby certify:

That in accordance with the application filed in this office the TRADE-MARK described below has been duly registered in this office on behalf of:

Name of Applicant __Levi Strauss & Co., a Delaware__
__corporation__

Business Address __Two Embarcadero Center, San Francisco,__
__California 94106__

Date First Used in California __March 7, 1969__

Date First Used Anywhere __March 7, 1969__

Description of Trademark __consists of a folded cloth ribbon sewn with its ends__
__inserted into the regular structural seam of a patch pocket or flap of__
__shirts so that the fold protrudes from the seam and is visible throughout__
__the life of the garment while it is being worn__
Class No. __38__

Description of Goods on Which the Trademark is Used __shirts and jackets__

A copy, specimen, facsimile, counterpart or a reproduction of the mark is attached.

Date of Registration __June 12, 1974__

Term of Registration Extends to and Includes __June 12, 1984__



IN WITNESS WHEREOF, I execute this certificate and affix the Great Seal of the State of California this

12th day of June, 1974.

Edmund G. Brown

*Secretary of State*

SEC/STATE FORM TM-103 (REV. 2-71)

JPS-15

A COPY, SPECIMEN, FACSIMILE, COUNTERPART OR
REPRODUCTION OF TRADEMARK REG. NO. 52312



SEC/STATE FORM TM-107-T





Exhibit B



Exhibit C

# EXHIBIT D



Exhibit D-1



Exhibit D-2



Exhibit D-3



Exhibit D-4